UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-23450-KMM

MALIK MIKAIL,

    Plaintiff,

v.

24/7 GLOBAL SECURITY, INC.
and MIGUEL A. SELVA,

    Defendants.
_____/

**REPORT AND RECOMMENDATIONS**

    **THIS CAUSE** is before the Court upon Plaintiff Malik Mikail's Verified Motion for Award of Attorneys' Fees and Reasonable Expenses of Litigation. (ECF No. 22). No response has been filed and the time to do so has passed. The Motion was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law and/or to issue a Report and Recommendation regarding the Motion. (ECF No. 23). Having considered the Motion, the record as a whole, and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Motion for Award of Attorneys' Fees and Reasonable Expenses of Litigation be **GRANTED, in part**, and **DENIED, in part**, as set forth below.

**I.    BACKGROUND**

    This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiff Malik Mikail commenced this action against Defendants 24/7 Global Security Inc. and

1

Miguel A. Selva in this Court on October 21, 2022 by filing the Complaint. (ECF No. 1). Plaintiff asserted claims for unpaid overtime compensation under the FLSA.

Defendants were served but failed to appear or answer the Complaint. On March 23, 2023, Plaintiff filed a Motion for Default Final Judgment against Defendants, which was granted by the District Court on April 25, 2023. (ECF Nos. 19, 20). The District Court found that Plaintiff had properly served Defendants with process, and that Defendants are liable to Plaintiff for overtime and minimum wages owed under the FLSA. The District Court granted final default judgment in favor of Plaintiff, and against Defendants, in the amount of $27,013.00. Plaintiff now seeks an award of attorney's fees and reasonable expenses of litigation.

**II.    DISCUSSION**

In his Motion, Plaintiff seeks a total fee award of $5,999.88, consisting of $4,485.00 for time billed by attorney Nathaly Saavedra, $660.00 for time billed by attorney P. Brooks LaRou, and $854.88 in costs incurred in the litigation.

The FLSA provides for attorney's fees and costs to the prevailing party. 29 U.S.C. § 216(b). For purposes of the FLSA, a "prevailing party" is one who obtains either: (i) a judgment on the merits, or (ii) "a settlement agreement 'enforced through a consent decree.'" *Mayer v. Wall St. Equity Grp., Inc.*, 514 F. App'x 929, 934 (11th Cir. 2013) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health & Human Res.*, 532 U.S. 598, 603–04 (2001)) (emphasis omitted).

Here, the District Court granted Plaintiff's motion for final default judgement in favor of Plaintiff and against Defendants. "The entry of a default judgment against Defendants renders Plaintiff the prevailing party." *Jean-Louis v. Greenberg*, No. 08-81205-CIV, 2009 WL 3387484, at *2 (S.D. Fla. Oct. 16, 2009); *Rodriguez v. Supersonic of Fla., Inc.*, No. 20-23459-CIV, 2021 WL 965937, at *2 (S.D. Fla. Feb. 26, 2021), *report and recommendation adopted*, No. 20-23459-CIV,

2021 WL 965747 (S.D. Fla. Mar. 15, 2021). Accordingly, the Court assesses the appropriateness of the fees and costs sought, as set forth below.

### 1. Award of Attorney's Fees

In assessing the reasonableness of a request for attorney's fees, courts in the Eleventh Circuit apply the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley*, 461 U.S. at 433).

"In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 1350 n.2 (citing *Johnson*, 488 F.2d at 717–19).

The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as

it is to see that an adequate amount is awarded." *Id.* at 428.  When a request for attorney's fees is unreasonably high, courts may conduct an hour-by-hour analysis or may reduce the requested hours with an across-the-board cut.  *Bivins*, 548 F.3d at 1350; *see also Procaps S.A. v. Patheon Inc.*, No. 12-CV-24356, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (reducing a party's fee request with an across-the-board cut based upon billing inefficiencies).  Although courts may apply either method, they cannot apply both.  *Bivins*, 548 F.3d at 1351.  Finally, courts need not become "green-eyeshade accountants."  *Fox v. Vice*, 563 U.S. 826, 838 (2011).  Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection."  *Id.*

        *a.*      *Reasonable Hourly Rate*

In computing the lodestar, the first step is to determine the reasonable hourly rate, defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation."  *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1299).  The Court is deemed an expert on the issue of hourly rates and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."  *Id.* (quoting *Norman*, 836 F.2d at 1301).

Plaintiff seeks an award of fees for time incurred by attorney Nathaly Saavedra at a rate of $325.00 per hour and, for attorney P. Brooks LaRou at a rate of $200.00 per hour.  Attorney Saavedra has been a member of The Florida Bar since 2015, concentrating in employment and labor law.  (ECF No. 22-1 at ¶¶ 1, 4).  Attorney LaRou has been a member of The Florida Bar since 2022.  (ECF No. 22-2 at ¶ 1).  This District has previously approved the suggested hourly rates for these same attorneys.  *See Garcia v. Unit Dose Servs., LLC*, No. 0:23-CV-61352, 2023 WL 6962827, at *6 (S.D. Fla. Oct.

4

2, 2023), *report and recommendation adopted*, No. 23-61352-CV, 2023 WL 6958658 (S.D. Fla. Oct. 20, 2023).

The Court has reviewed the attorneys' qualifications and experience and has also considered hourly rates in this District previously approved. Viewing the foregoing in light of the Court's knowledge and experience, the Court finds that the requested hourly rates of $325.00 per hour for Nathaly Saavedra, Esq. and $200.00 per hour for P. Brooks LaRou, Esq. are reasonable.

### b. Reasonable Hours Expended

The second step of the lodestar analysis requires the Court to determine the reasonable number of hours expended in the litigation. The award must exclude compensation for hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation, or experience of counsel.*" *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (emphasis in original). The fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation and must provide the Court with specific and detailed evidence that will allow for an accurate determination of the amount of fees to award. *Id.* at 428. Counsel must have reliable evidence to support hours that are claimed. *See Jean v. Nelson*, 863 F.2d 759, 772 (11th Cir. 1988). If the fee applicant fails to exercise the required billing judgment, the Court is obligated to "[prune] out those [hours] that are excessive, redundant, or otherwise unnecessary." *Id*.

The Court has reviewed the time records advanced by counsel and finds that largely, the entries are sufficiently detailed to enable the Court to agree that the time incurred by counsel in this case was reasonable. A few exceptions are noted.

Time spent drafting summonses is not recoverable as such work is clerical in nature. (ECF No. 22-1 at 5) ("Drafted proposed summons for Defendant Miguel Seva"); s*ee Peress v. Wand*, 597

F. Supp. 2d 1320, 1325 (S.D. Fla. 2008) ("[H]owever, there is also work that the Court would consider non-legal, or work to be performed by a legal secretary. These instances include e-filing, on-line research regarding Defendants addresses and corporate structure, opening separate emails of documents that Plaintiff's counsel filed, preparing the civil cover sheet and summonses.").

Nor may Plaintiff recover for several tasks for which Plaintiff's counsel billed excessively. On numerous occasions, counsel charged 0.20 and 0.30 hours for reviewing relatively short Orders from the Court. *See* (ECF No. 22-1 at 6) ("Reviewed Order Referring Pretrial Discovery Matters to Magistrate to ensure compliance with Court's Order."); (*id.*) ("Reviewed Court's Order to Show Cause (ECF No. 7)."). Accordingly, the time billed for such tasks should be reduced to 0.1 hours. *See Phiffer v. Greenstar Landscaping, Co.*, No. 21-22391-CIV, 2021 WL 6424630, at *5 (S.D. Fla. Dec. 15, 2021), *report and recommendation adopted*, No. 21-22391-CIV, 2022 WL 104265 (S.D. Fla. Jan. 11, 2022) ("Six and twelve minutes are excessive amounts of time to bill for the receipt and review of simple documents."); *Alexandre v. Millenia Hous. Mgmt., Ltd.*, No. 19-80612-CIV, 2020 WL 9458895, at *5 (S.D. Fla. Mar. 4, 2020), *report and recommendation adopted*, No. 19-80612-CIV, 2020 WL 9458738 (S.D. Fla. Mar. 23, 2020).

Further, the undersigned finds that counsel excessively billed 0.8 hours for drafting and filing a simple, one-page motion for clerk's entry of default. As such, the time billed for said task should be reduced to 0.3 hours.

Accordingly, the Court determines that Plaintiff may recover for 12.4 hours reasonably expended by attorney Saavedra and 3.3 hours expended by attorney LaRou.

        c.    *Lodestar Calculation*

Taking the reasonable number of hours worked by each timekeeper and multiplying those numbers by the reasonable hourly rate for each timekeeper, the Court determines that the lodestar

amount totals $4,690.00, consisting of $4,030.00 for 12.4 hours of time expended by attorney Saavedra at a rate of $325.00 per hour and $660.00 for 3.3 hours of time expended by attorney LaRou at a rate of $200.00 per hour. The Court finds that this amount is reasonable and will recommend that the District Court award attorney's fees in that amount.

### 2. Award of Costs

In his Motion, Plaintiff also seeks to recover $854.88 in costs incurred in the litigation.[1] The Court finds that Plaintiff's request for costs is appropriate, in part.

"The Supreme Court has held that in awarding costs, courts may not exceed those costs available in 28 U.S.C. § 1920 absent explicit contrary authorization in an applicable substantive statute. Courts in the Eleventh Circuit read this to require that cost awards under the FLSA be limited to the costs enumerated in § 1920." *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 648 (S.D. Fla. 2007) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)) (Dimitrouleas, J.). Accordingly, the Court assesses Plaintiff's request for costs under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920.

Rule 54(d)(1) allows prevailing parties to receive litigation costs other than attorney's fees. There is a "strong presumption" in favor of awarding taxable costs to the prevailing party, which the challenging party has the burden to overcome. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Pursuant to 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs

---

[1] Plaintiff's Motion fails to comply with the Local Rules of the Southern District of Florida, in that it combines the motion for costs with the motion for non-taxable costs and fees, *see* S.D. Fla. L.R. 7.3(a) ("A party shall seek costs that are taxable under 28 U.S.C. § 1920 by filing and serving a bill of costs and supporting memorandum in accordance with paragraph 7.3(c) below. The costs and expenses sought in a motion under this paragraph shall not include any cost sought in a bill of costs."). Nor is it presented on AO Form 133, S.D. Fla. L.R. 7.3(c). The undersigned does not recommend that the Motion be denied for these deficiencies.

of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

"[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted). "The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. [§] 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

First, I recommend that Plaintiff's request for $2.88 for sending letters to Defendants be denied because postage costs are not recoverable under § 1920. (ECF No. 22-1 at 2); *James*, 242 F.R.D. at 649 (denying request for postage costs as not permitted under § 1920).

Second, I recommend that Plaintiff's request for $450.00 in fees associated with service of process be denied, in part, for failure to provide documentation to support the claimed cost, which exceeds the maximum allowed amount. Under 28 U.S.C. §§ 1920 and 1921, private process server fees may be taxed so long as the taxable costs of the process server are limited to the statutory fees that § 1921(b) authorizes. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Section 1921(b) states that the Attorney General shall prescribe the fees to be taxed and collected under subsection 1921(a). "Such fees shall, to the extent practicable, reflect the actual and reasonable cost of the service provided." 28 U.S.C. § 1921(b). Private process fees may be taxed but must not exceed the $65.00 per hour rate charged by the U.S. Marshal, pursuant to 28 C.F.R. § 0.114. *See Brannon v.*

8

*Finkelstein*, No. 10-61813-CIV, 2017 WL 1395171, at *13 (S.D. Fla. Feb. 1, 2017), *report and recommendation approved*, No. 10-61813-CV, 2017 WL 1452944 (S.D. Fla. Feb. 17, 2017). Plaintiff's Motion states only that the cost incurred for service was $450.00 for multiple attempts, but lacks further explanation or support for the claimed amount. Nonetheless, the executed summonses for Defendants 24/7 Global Security Inc. and Miguel A. Selva is evidenced on the docket. (ECF Nos. 10, 11). Accordingly, Plaintiff is entitled to $130.00 for service of process on Defendants at the rate charged by the U.S. Marshal.

I further recommend that Plaintiff be permitted to recover $402.00 for the filing fee paid upon commencing this action. The receipt for the filing fee are evidenced on the docket. *See* Docket Text for ECF No. 1. Plaintiff is entitled to the full amount of the filing fee. *See* 28 U.S.C. § 1920(1); *Mendez v. Integrated Tech Grp., LLC*, No. 18-22059-CIV, 2020 WL 6826355, at *4 (S.D. Fla. Nov. 20, 2020).

Accordingly, I recommend that Plaintiff be awarded $532.00 in taxable costs.

### III. RECOMMENDATIONS

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that Plaintiff Malik Mikail's Verified Motion for Award of Attorneys' Fees and Reasonable Expenses of Litigation (ECF No. 22) be **GRANTED, in part**, and **DENIED, in part**, and that Plaintiff be awarded **$5,222.00**, such award consisting of **$4,690.00** in attorney's fees and **$532.00** in costs under 28 U.S.C. § 1920 as the prevailing party.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a *de novo* determination by the District

Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on this 24th day of January, 2024.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable K. Michael Moore
      Counsel of record